IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEREMY BRADEN, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 6:08-cv-3109-GAF |
| Plaintiff, | ) ) | Hon. Gary A. Fenner |
| v. | ) ) | CLASS ACTION |
| WAL-MART STORES, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
CONDITIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING
DISTRIBUTION OF CLASS NOTICE, APPOINTING CLASS
COUNSEL AND CLASS REPRESENTATIVE, AND SETTING HEARING FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT**

In this case, Class Plaintiff Jeremy Braden, on behalf of himself and all others similarly situated (the "Class"), asserts claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") against the Wal-Mart Defendants and Merrill Lynch Defendants,[1] as well as a claim for unjust enrichment and a non-

---

[1] Defendants James W. Breyer, John A. Cooper, Jr., Stanley C. Gault, Frederick S. Humphries, Dawn G. Lepore, Elizabeth A. (Betsy) Sanders, Donald G. Soderquist, and Jose H. Villarreal are referred to collectively as the "Compensation Committee Defendants." Defendants Stephen R. Hunter, Debbie Davis Campbell, and John or Jane Doe 1 are referred to collectively as the "VP Retirement Plan Defendants." Defendants Jeff Amos, Bill Ayers, Terry Bertschy, Elizabeth Branigan-Evans, Debbie Davis Campbell, Fred Disch, Larry Duff, Sam Dunn, Don Etheredge, Robin Forbis, Sharon Garmon, Erin Gonzalez (misidentified and named in duplication as Erin Weitzel), Rob Hey, Stephen R. Hunter, Greg Johnston, David McBride, Phyllis Morey, Cliff Parker, Arvetta Powell, Charles Rateliff, Dave Reiff, David Scogin, Donna Spradlin, J.P. Suarez, Jenifer Terrell, Kevin Turner, Jeremy Wilson, Jimmy Wright, and John or Jane Does 2-5 are referred to collectively as the "Retirement Plans Committee Defendants." Wal-Mart and the Compensation Committee Defendants, the VP Retirement Plan Defendants, and the Retirement Plans Committee Defendants are referred to collectively as "Wal-Mart" or the "Wal-Mart Defendants." Merrill Lynch, Pierce, Fenner & Smith Inc., Merrill Lynch Trust Company of America, and Merrill Lynch & Co. Inc., are collectively referred to as "Merrill Lynch." The Wal-Mart Defendants and Merrill Lynch Defendants are collectively referred to as "Defendants."

fiduciary claim for knowing participation in a fiduciary breach against the Merrill Lynch Defendants, with respect to the Wal-Mart 401(k) Plan (the "Plan"). The Settlement[2] now before the Court was achieved by extensive arm's-length negotiations between parties, and resolves all claims of the Class against Defendants arising out of this Action, as defined in the Settlement Agreement, Section 3. Defendants deny any and all liability or wrongdoing alleged against them in this Action. Class Plaintiff maintains that his claims have merit and that the Court would certify a class in this Action. Notice of the proposed Settlement has been or will be served on the appropriate state and federal officials in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

Presented to the Court for preliminary approval is the Settlement of this Action against Defendants. The terms of the Settlement are set out in the Settlement Agreement, dated December 2, 2011 (the "Settlement Agreement"), executed by Class Counsel and Defendants' counsel. The Court has considered the proposed Settlement in view of the pleadings, record, complexity of the issues in this case, the parties' extensive arm's-length settlement negotiations, and the risks and costs of further litigation, and the Court is preliminarily satisfied that the Settlement is fair, reasonable, and adequate, such that it is appropriate to consider whether to certify a class for settlement purposes, whether the Settlement is sufficient to warrant issuance of notice to Class members, and whether the proposed notices adequately inform Class members of the material terms of the Settlement and their rights relating thereto.

Upon reviewing Class Plaintiff's Unopposed Motion for an Order Preliminarily Approving Class Action Settlement, Conditionally Certifying Settlement Class, Directing Distribution of Class Notice, Appointing Class Counsel and Class Representative, and Setting Hearing for Final Approval of Class Action Settlement, dated December 2, 2011, IT IS HEREBY ORDERED THAT:

---

[2] Capitalized terms not otherwise defined in this Order shall have the same meaning ascribed to them in the Settlement Agreement, attached as Exhibit A to the Declaration of Derek W. Loeser submitted in support hereof.

1. This Court has jurisdiction over the subject matter of this Action pursuant to 18 U.S.C. § 1332(d), and jurisdiction over the Class members described in paragraph 4 below.

2. The Court preliminarily finds that the proposed Settlement should be approved as (a) fair, reasonable, and adequate; (b) the product of serious, informed, arm's-length, and non-collusive negotiations; (c) having no obvious deficiencies; (d) not improperly granting preferential treatment to the Class Representative or segments of the Class; (e) falling within the range of possible approval; and (f) warranting notice to Class members of a formal final approval hearing ("Fairness Hearing") at which evidence may be presented in support of and in opposition to the proposed Settlement. The parties are authorized and directed to take all actions that may be required prior to final approval of the Settlement by the Court, as set forth in the Settlement Agreement.

3. For purposes of the proposed Settlement only, the Court preliminarily finds that the Class defined in paragraph 4 below satisfies the requirements of the United States Constitution, the Federal Rules of Civil Procedure, and any other applicable law, in that:

   a. The Class is cohesive and well-defined;

   b. The Class members are ascertainable from records kept with respect to the Plan, and Class members are so numerous that their joinder before the Court would be impracticable;

   c. Based on allegations in the Complaint, there are one or more questions of fact and/or law common to the Class;

   d. Based on allegations in the Complaint that the Defendants' alleged conduct affected Class members in a uniform manner, the claims of Class Plaintiff are typical of the claims of the Class;

   e. Class Plaintiff will fairly and adequately protect the interests of the Class in that (i) the interests of Class Plaintiff and the nature of his alleged claims are consistent with those of the Class members; (ii) there appear to be no conflicts between or among Class Plaintiff and the Class; and (iii) Class Plaintiff and the Class members are represented by qualified,

reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions; and

   f. The prosecution of separate actions by individual members of the Class would create risk of (i) inconsistent or varying adjudications as to individual Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; and/or (ii) adjudications as to individual Class members that would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede the ability of those persons to protect their interests.

 4. For purposes of the proposed Settlement only, and based on the findings set out in paragraph 3 above, the Court preliminarily certifies the following class (the "Class") under Fed. R. Civ. P. 23(b)(1)(A) and (B), as set forth in the Settlement Agreement, ¶ 1.44:

> (a) all Persons, except Defendants, who are or were participants in the Wal-Mart Stores, Inc. Profit Sharing and 401(k) Plan, or the predecessors or successors thereto, who have held assets in the Plan Investment Options at any time between July 1, 1997 to the Agreement Execution Date, inclusive, and (b) as to each Person within the scope of subsection (a) of [Settlement Agreement] Section 1.44, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest.

 5. For purposes of the proposed Settlement only, Class Plaintiff is designated Class Representative, and the Court conditionally approves and appoints the law firm of Keller Rohrback L.L.P. to serve as Lead Counsel and the law firm of Aleshire Robb P.C. to serve as Liaison Counsel (collectively "Class Counsel"). Lead Counsel has the authority to designate and associate additional Plaintiff's counsel, to delegate to such counsel work to assist in the prosecution of this litigation, and to include such work that is approved by Lead Counsel in Plaintiff's Application for Attorneys' Fees and Expenses, as set forth in the Settlement Agreement ¶ 11.1.

 6. Lead Counsel has established a Settlement Fund Account at Wells Fargo Bank, which is an interest-bearing account and considered a common fund created as a result of this action, pursuant to paragraph 7.3 of the Settlement Agreement. The Court finds that Lead

Counsel has satisfied this provision and approves the use of this account for the Settlement Fund Account.

7. Plaintiff has presented to the Court proposed forms of Class Notice and a Summary Notice, which are attached to the Settlement Agreement as Exhibits 1.A and 1.B, respectively. The Court finds that the form and substance of the Class Notice and the Summary Notice satisfy the requirements of due process and the Federal Rules of Civil Procedure. The Court directs the parties to disseminate the Class Notice and the Summary Notice as proposed in the Settlement Agreement, ¶ 2.3.2, and that non-substantive changes may be made to the Class Notice and the Summary Notice by agreement of the parties without further order of the Court.

   a. The Class Notice shall be published on www.Walmartbenefits.com and www.benefits.ml.com pursuant to the Settlement Agreement, ¶ 2.3.2, within thirty (30) days after this Preliminary Approval Order is entered and not less than fifty-five (55) days before the Fairness Hearing. Summary Notice shall be published in *USA Today* and on BusinessWire pursuant to the Settlement Agreement, ¶ 2.3.2, within thirty (30) days after this Preliminary Approval Order is entered and not less than fifty-five (55) days before the Fairness Hearing.

   b. The parties shall file with the Court a proof of timely compliance with the foregoing publication requirements, as well as a declaration attesting to the mailing of the notices pursuant to the Class Action Fairness Act of 2005, no later than **February 29, 2012** (which is seven (7) days before the Fairness Hearing).

   c. The parties shall reasonably cooperate with one another to accomplish the requirements of this paragraph, as provided in the Settlement Agreement, ¶ 2.3.5. The costs and expenses of preparing and disseminating the notice shall be paid from the Settlement Fund, pursuant to the Settlement Agreement, ¶ 8.1.

8. Class Counsel shall file their Final Approval Motion, including their request for approval of the Plan of Allocation, petition for attorneys' fees and reimbursement of expenses, and petition for Class Plaintiff's compensation, no later than **February 3, 2012**. Class Counsel shall post their Final Approval Motion, including their request for approval of the Plan of

Allocation, petition for attorneys' fees and reimbursement of expenses, and petition for Class Plaintiff's compensation on their website no later than **February 3, 2012**.

9. A Fairness Hearing is scheduled for **Wednesday, March 7, 2012, at 9:00 a.m.**, before United States District Court Judge Gary A. Fenner, at the Charles Evans Whittaker Courthouse, 400 East 9th Street, Courtroom 8A, Kansas City, Missouri 64106, which is no earlier than ninety (90) days after the last date on which the appropriate Federal official and the appropriate State officials are served with the notice under CAFA as described in Section 2.3.3 of the Settlement Agreement and no earlier than fifty-five (55) days after the deadline for publication of the Class Notice and Summary Notice, as described above in paragraph 7, to determine, among other things:

    a. whether the Settlement should be approved by the Court as fair, reasonable, and adequate;

    b. whether the proposed Class satisfies Fed. R. Civ. P. 23(a) and (b) and therefore should be certified for purposes of Settlement;

    c. whether this Action should be dismissed with prejudice;

    d. whether the Class Notice and Summary Notice and the means of disseminating the same pursuant to the Settlement Agreement (i) are appropriate and reasonable and constitute due, adequate, and sufficient notice to all persons entitled to notice; and (ii) meet all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

    e. whether the application for attorneys' fees and expenses filed by Class Counsel should be approved;

    f. whether the application for a case contribution award for Class Plaintiff should be approved;

    g. whether the Court should enforce the Settlement Agreement in all other respects; and

    h. such other matters as the Court deems appropriate.

10. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, the award of attorneys' fees and reimbursement of expenses, and the Class Plaintiff case contribution award if they are served pursuant to LR 7.0(d), no later than **February 17, 2012** (which is fourteen (14) days after Plaintiff's Final Approval Motion is due) upon each of the following:

| Class Counsel: | The Wal-Mart Defendants' Counsel: | The Merrill Lynch Defendants' Counsel: |
|---|---|---|
| Keller Rohrback L.L.P.<br>Attn: Lynn Lincoln Sarko<br>1201 Third Avenue, Ste 3200<br>Seattle, Washington 98109<br><br>Facsimile: (206) 623-3384 | Steptoe & Johnson LLP<br>Attn: Paul J. Ondrasik<br>1330 Connecticut Ave., NW<br>Washington, DC 20036<br><br>Facsimile: (202) 429-3902<br><br>and<br><br>Ross Higman<br>WAL-MART STORES, INC.<br>702 S.W. Eighth Street<br>Bentonville, AR 72716-0215<br><br>Facsimile: (479) 277-5991 | O'Melveny & Myers LLP<br>Attn: Robert Eccles<br>1625 Eye Street, N.W.<br>Washington, D.C. 20006<br><br>Facsimile: (202) 346-4444 |

and the objector has filed the objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court. Comments or objections must be postmarked pursuant to LR 7.0(d), by **February 17, 2012** (which is no later than fourteen (14) days after Plaintiff's Final Approval Motion is due), and shall indicate the name of the case, the objector's name and contact information, a statement of the objections and a summary of reasons for so objecting, copies of any documents upon which the objection is based, and a statement of whether the objector or the objector's lawyer will ask to speak at the Fairness Hearing.

11. The Court will consider replies in support of Plaintiff's Final Approval Motion, including approval of the Plan of Allocation, Class Counsel's attorneys' fees and costs, and Class Plaintiff compensation, if they are filed and served in the same manner set forth in paragraph 10

above, pursuant to LR 7.0(e), no later than **March 2, 2012** (which is fourteen (14) days after Class members must comment upon or object to the proposed Settlement).

12. Attendance at the Fairness Hearing is not necessary. However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the award of attorneys' fees and reimbursement of expenses, or the case contribution award to the Class Plaintiff are required to state in their objection, pursuant to paragraph 10 above, their intention to speak or have a lawyer speak at the Fairness Hearing on their behalf and identify any witnesses they may call to testify and exhibits they intend to introduce into evidence. Any lawyer who intends to speak on behalf of an objector at the Fairness Hearing shall enter a written notice of appearance of counsel with the Clerk of the Court no later than **February 17, 2012** (which is fourteen (14) days after Plaintiff's Final Approval Motion is due). All properly submitted objections shall be considered by the Court.

13. Any Class Member or other person who does not timely file and serve a written objection complying with the terms of paragraphs 10 and 12 above, shall be deemed to have waived, and shall be forever foreclosed from raising any objection to the Settlement, the Plan of Allocation, the award of attorneys' fees and reimbursement of expenses, or the case contribution award to the Class Plaintiff, and any untimely objection shall be barred.

14. The parties shall promptly furnish each other with copies of any and all objections and notices of intention to appear at the Fairness Hearing that come into their possession.

15. This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing as of December 1, 2011 (pursuant to the provisions of the Settlement Agreement, Section 10), if the Settlement is terminated under the terms of the Settlement Agreement. In such event, paragraphs 10.2.1-10.2.3 of the Settlement Agreement shall govern the rights of the settling parties.

16. Under no circumstances shall this Order be construed, deemed, or used as an admission, concession, or declaration by or against any of the Defendants of any fault, wrongdoing, breach, or liability. Nor shall the Order be construed, deemed, or used as an

admission, concession, or declaration by or against Class Plaintiff or the Class that their claims lack merit or that the relief requested in this action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the proposed Settlement.

IT IS SO ORDERED.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: December 5, 2011