IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEREMY BRADEN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 08-3109-CV-S-GAF |
| WAL-MART STORES, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

## FINAL ORDER AND JUDGMENT

Presently before the Court is Plaintiff Jeremy Braden's, individually and on behalf of all others similarly situated ("Plaintiff"), Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, Approval of Forms and Methods of Notice, Approval of the Plan of Allocation, and Entry of Final Order and Judgement. (Doc. # 235). Additionally before the Court is Plaintiff's Motion for Attorneys' Fees, Reimbursement of Costs and Expenses and Case Compensation Award to Named Plaintiff. (Doc. # 237).

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), with respect to the Wal-Mart Stores, Inc. Profit Sharing and 401(k) Plan (the "Plan"). (*See* Amended Complaint).

This Action came before the Court for a hearing pursuant to the Preliminary Approval Order of this Court entered on December 5, 2011, on the application of Plaintiff for final approval of the Settlement set forth in the Class Action Settlement Agreement ("Settlement Agreement"), executed on December 2, 2011, and filed with the Court on December 2, 2011.

1

The Court received declarations attesting to the distribution of the Class Notice and Summary Notice via www.Walmartbenefits.com and www.benefits.ml.com, as well as in USA Today and on BusinessWire, in accordance with the Preliminary Approval Order. Additionally, the Court received a declaration attesting to the mailing of the notices pursuant to the Class Action Fairness Act of 2005.

Due and adequate notice has been given to the Settlement Class as required in the Preliminary Approval Order, and the Court considered all papers filed and proceedings in this Action, and is otherwise fully informed in the premises. Accordingly, it is

**ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all members of the Settlement Class.

2. On January 4 and 5, 2012, the Summary Notice was distributed via BusinessWire and USA Today, respectively, and on January 4, 2012, the Class Notice was posted on www.Walmartbenefits.com and www.benefits.ml.com in accordance with the Preliminary Approval Order. (*See* Docs. ## 232, 245, 246). Information regarding the Settlement was also made available on www.WalMartERISASettlement.com.

3. The Class Notice and Summary Notice fully informed Settlement Class members of their rights with respect to the Settlement, including the right to object to the Settlement, Class Counsel's application for an award of attorneys' fees, reimbursement of expenses, and for the payment of the case contribution award to Class Plaintiff, all from the Settlement Fund.

4.     The notice provided to the Settlement Class met the statutory requirements for notice under the circumstances and fully satisfied the requirements of Federal Rule of Civil Procedure 23 and due process.

5.     Defendants have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6.     For settlement purposes the Court certifies the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1)(A) and (B) with the Settlement Class defined as follows:

(a) all Persons, except Defendants, who are or were participants in the Wal-Mart Stores, Inc. Profit Sharing and 401(k) Plan, or the predecessors or successors thereto, who have held assets in the Plan Investment Options at any time between July 1, 1997, to the Agreement Execution Date, inclusive; and (b) as to each Person within the scope of subsection (a) of the Settlement Agreement Section 1.44, his, her, or its beneficiaries, alternate payees, Representatives and Successors in Interest.

7.     This Action and all claims asserted in it, as well as all of the Released Claims, are DISMISSED with prejudice as to Class Plaintiff, the Settlement Class, and the Plan, and as against the Released Parties.  The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement or in this Order.

8.     The Court finds that the Settlement is fair, reasonable, and adequate as to each member of the Settlement Class.  The Plan of Allocation is approved as fair and reasonable.  Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect

this Judgment and shall be considered separate from this Judgment. The Settlement is finally approved in all respects.

9. By operation of this Judgment and effective upon entry of this Final Order: (a) Class Plaintiff, the Plan, and each member of the Settlement Class have absolutely and unconditionally released and forever discharged the Released Parties from the Released Claims as specified in the Settlement Agreement; and (b) Defendants have absolutely and unconditionally released and forever discharged Class Plaintiff, the Plan, and the Settlement Class from Defendants' Released Claims as specified in the Settlement Agreement.

10. Class Counsel are hereby awarded attorneys' fees in the amount of $4.05 million, which the Court finds to be fair and reasonable, and $231,187.68 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the Action. The attorneys' fees and expenses so awarded shall be paid exclusively out of the Settlement Fund pursuant to the terms of the Settlement Agreement without additional contribution or payment by Defendants.

11. Named Plaintiff is hereby awarded a Case Contribution Award in the amount of $20,000, to be paid exclusively out of the Settlement Fund pursuant to the terms of the Settlement Agreement without additional contribution or payment by Defendants.

12. In making this award of attorneys' fees and reimbursement of expenses to Class Counsel, and the Case Contribution Award to Named Plaintiff, the Court has considered and found that:

    a) The Settlement Fund will benefit the Plan and thousands of Settlement Class members who have Plan accounts;

    b) The Settlement resulted in significant injunctive relief that will inure to the benefit of Plan participants;

c) Class Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

d) The Action involves complex factual and legal issues prosecuted over more than three (3) years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

e) Without the Settlement, there would remain a significant risk that Class Plaintiff and the Settlement Class could have recovered less or nothing from Defendants;

f) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases; and

g) Class Plaintiff rendered valuable service to the Plan and to the Settlement Class by undertaking this Action.

13. Without affecting the finality of this Judgment in any way, and subject to the arbitration provisions, as applicable, of the Settlement Agreement, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the Settlement Agreement; and (b) hearing and determining applications for attorneys' fees, costs, interest, and reimbursement of expenses in the Action.

14. This Final Order and Judgment shall not be considered or used as an admission, concession, or declaration by or against Releasees of any fault, wrongdoing, breach, or liability, and this Court makes no such finding or determination.

15. In the event that the Settlement does not become Final in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void and shall be vacated nunc pro tunc, and the Action shall proceed in accordance with the Settlement Agreement.

16. Final Judgment shall be entered herein approving the Settlement of this Action.

**IT IS SO ORDERED.**

s/ Gary A. Fenner  
Gary A. Fenner, Judge  
United States District Court

DATED: March 19, 2012