# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JEREMY BRADEN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 08-3109-CV-S-GAF |
| WAL-MART STORES, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Now before the Court is Objectors Michael Berscheidt and Jason Berscheidt's (collectively "Objectors") Motion for Attorneys' Fees, requesting the Court award them attorneys' fees in this matter. (Doc. # 256). Specifically, Objectors request $39,942.05 in attorneys' fees for their contribution to the class-action process. (*Id.*). Plaintiff Jeremy Braden, individually and on behalf of all others similarly situated ("Plaintiff"), opposes. (Doc. # 259).

On March 7, 2012, the Court held a settlement hearing for the final approval of a class action settlement agreement (the "Settlement Agreement"). (Doc. # 255). Counsel for Plaintiff, Defendants Wal-Mart Stores, Inc., et al. (collectively "Defendants"), and Objectors appeared and presented arguments. (*Id.*). After carefully considering the briefs submitted and arguments presented, the Court approved the Settlement Agreement and entered its Final Order and Judgment on March 19, 2012. (Docs. ## 255, 258).

Under Eighth Circuit precedent, to recover fees "attorneys must demonstrate that their services were of some benefit to the fund or enhanced the adversarial process." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1156 (8th Cir. 1999) (affirming denial of attorneys' fees and noting

objectors' efforts did not appear to alter the terms of the settlement agreement) (citations omitted). In this matter, the Objectors' efforts did not alter any of the terms in the Settlement Agreement.

Objectors, however, argue their intervention in the matter enhanced the adversarial process by conducting informal discovery and corresponding with Plaintiff's counsel, and raising concerns with the Court regarding the sixty-two percent (62%) of the class members who were receiving nothing from the Settlement Agreement. (Doc. # 260, pp. 4-5). The standard for enhancement of the adversarial process requires more than merely intervening and objecting to a settlement agreement. Objectors should "meaningfully or materially contribute[] to the adversarial nature of the proceedings or to the terms of the Settlement Agreement" to obtain an award of attorneys' fees. *Petrovic*, 200 F.3d at 1156.

Here, there is no indication Objectors meaningfully and materially enhanced the adversarial process. The issues raised by Objectors were issues previously raised and discussed by counsel for Plaintiff and Defendants while negotiating the Settlement Agreement. (*See* Doc. # 259). Objectors efforts did not raise new or novel issues and, therefore, did not enhance the adversarial process or otherwise provide some benefit to the class. Accordingly, it is

**ORDERED** Objectors' Motion is DENIED.

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: April 13, 2012

2